**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN ORTHOPEDIC & SPORTS MEDICINE, on assignment of JOSHUA S., <br><br> Plaintiff, <br><br> v. <br><br> INDEPENDENCE BLUE CROSS, LLC and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Defendants. | Civil Action No. 2:16-cv-08988 (JLL) (JAD) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants', Independence Blue Cross ("IBC") and Horizon Blue Cross Blue Shield of New Jersey ("Horizon")(collectively "Defendants"), Motion to Dismiss (ECF Nos. 7, 8 "Defs.' Mot. Dismiss")[1] Plaintiff's, American Orthopedic & Sports Medicine, on assignment of Joshua S., ("Plaintiff") Complaint (ECF No. 1, "Compl.") pursuant to Federal Rule of Civil Procedure 12 (b)(1). In accordance with Federal Rule of Civil Procedure 78, the Court has considered the submissions of the parties and decides this matter without oral argument. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

---

[1] Pursuant to L. Civ. R. 7.1 (d)(4), Horizon relies substantially on the arguments set forth in IBC's Motion to Dismiss therefore the Court will refer to IBC's Motion to Dismiss (ECF No. 7) collectively as Defendants' Motion to Dismiss and will refer to any additional arguments in Horizon's Letter Memorandum (ECF No. 8, "Def.'s Letter Br. ") separately.

1

## BACKGROUND

On October 26, 2015, Plaintiff, a healthcare provider located in New Jersey, provided medical services to Joshua Salzman ("Patient"). Compl. ¶¶ 1, 5. Plaintiff obtained an assignment of benefits from Patient in order to bring a claim pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* Id. ¶ 7, Ex. B. Pursuant to the assignment of benefits, Plaintiff asserts that it prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement from the Defendants in the amount of $58,400.00 for the medical services provided by Plaintiff to the Patient. Id. ¶ 8. Plaintiff alleges that Defendant paid $2,633.62 for the aforementioned treatment. Id. ¶ 9. Thereafter, Plaintiff avers that it engaged in the applicable administrative appeals process maintained by Defendants. Id. ¶ 10; Ex. E. Plaintiff additionally asserts that it requested a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor. Id. ¶ 11; Ex. E. Notwithstanding said request, Plaintiff asserts that Defendants failed to provide the summary plan description in response to Plaintiff's appeal. Id. ¶ 12. In totality, the Complaint alleges that Defendants underpaid Plaintiff in the amount of $55,766.39; further the Complaint asserts that the aforementioned amount takes into account known deductions, copayments and coinsurance. Id. ¶ 14.

In light of the foregoing, Plaintiff's Complaint alleges the following claims: (1) Breach of Contract, (2) Failure to make all Payments pursuant to Member's Plan under 29 U.S.C. § 1132(a)(1)(B); (3) Breach of Fiduciary Duty and Co-Fiduciary Duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a); and (4) Failure to Establish/Maintain Reasonable Claims Procedures under 29 C.F.R. 2560.503-1. *See Compl.* On December 14, 2016, Defendant IBC filed a Motion to Dismiss, thereafter on December 22, 2016, Defendant Horizon filed a letter memorandum in lieu of a more formal briefing fully joining IBC's Motion to Dismiss pursuant to

L. Civ. R. 7.1 (d)(4). In response, Plaintiff filed an Opposition to Defendants' Motion to Dismiss (ECF No. 11, "Pl.'s Opp'n Br.") on January 23, 2017. On January 26, 2017 IBC filed a reply in further support of its Motion to Dismiss (ECF No. 12, "Defs.' Reply Br.") and on January 30, 2017, Defendant Horizon filed a letter brief in further support of the Motion to Dismiss (ECF No. 13, "Def.'s Reply Letter Br.").

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12 (b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction. "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N. Jersey Brain & Spine Ctr.* v. *Aetna, Inc.*, 801 F.3d 369, 372 n.3 (3d Cir. 2015). However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is "properly filed under Rule 12(b)(6)." *Id.* Regardless, "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.* (citation omitted).

On a motion to dismiss for lack of standing, the plaintiff "bears the burden of establishing the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cnty. Ct. Com. Pl.*, 75 F.3d 834, 838 (3d Cir. 1996)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "For the purpose of determining standing, [the court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003)(citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

## DISCUSSION

Defendants move to dismiss Plaintiff's complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12 (b)(1). In support of their motion, Defendants argue that any purported assignment of right from Patient, the plan participant, is void since the applicable health benefits plan contains an anti-assignment provision that expressly prohibits the Patient from assigning his rights and/or benefits. As noted above Horizon relies substantially on the arguments in IBC's Motion to Dismiss, however, in addition, Horizon asserts that it is even further removed from the matter than IBC because the Participant is not a Horizon insured and the Plaintiff is not a Horizon provider. Def.'s Letter Br. 1. Horizon provides, "the health benefit plan at issue is between the Participant's group (Harvest Fund Advisors) and QCC Insurance Company – a plan for which IBC appears to provide claims administration services. Nothing in the Complaint or IBC's motion remotely suggests that Horizon has anything to do with the administration or control of the plan of the disposition of its assets." Id. 1-2.

In opposition, Plaintiff argues that the purported anti-assignment clause is unenforceable. Pl.'s Opp'n Br. 2. Plaintiff supports its argument with the following two assertions: (1) the anti-assignment clause is inapplicable to the Plaintiff and therefore the Defendants' standing argument fails; and (2) Defendants have waived any purported anti-assignment clause through a course of dealing with Plaintiff. Id. 2, 4.

As discussed below, the Court agrees with Defendants that the anti-assignment clause in the Patient's Health Benefit Plan is valid, enforceable and applicable to the Plaintiff and further agrees that Plaintiff fails to set forth sufficient facts in its Complaint to demonstrate that Defendants waived the anti-assignment clause as a result of a course of dealing between the two parties.

**Standing**

Under § 502 (a) of ERISA "a participant or beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (a). Accordingly, standing to sue under ERISA is "limited to participants and beneficiaries." *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400-401 (3d Cir. 2004)(holding that ERISA is limited to participants and beneficiaries and if plaintiff lacks standing to sue under ERISA then the Court also lacks federal subject matter jurisdiction to hear the claim); 29 U.S.C. § 1132(a)(3)[2].

As ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider. *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)("Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary.")(citing *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014)). In consequence, the issue presently before this Court hinges upon the validity and enforceability of the anti-assignment clause in patient's insurance plan.

i.   Anti-Assignment Provision

Defendants assert that as ERISA does not confer the right to bring a cause of action upon the Plaintiff, the Plaintiff therefore pursues this claim solely as the assignee of the plan participant -

---

[2] Section 1132(a)(3) of ERISA sets forth that "a civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3).

5

the patient. Defs.' Mot. Dismiss 3. In support of this argument, Defendants cite to the benefit booklet, which states:

> Any right of a Member to receive benefits under the Group Contract and Benefit Booklet are personal to the Member and may not be assigned in whole or in part to any person, Provider or entity, nor may benefits be transferred, either before or after the Covered Services are rendered. However, a Member can assign benefit payments to the custodial parent of Dependent covered under the Group Contract and Benefit Booklet as required by law.

Id. 3-4. Defendants claim that "this provision clearly and unequivocally precludes the member and plan participant from assigning his rights to any person, including a provider such as plaintiff." Id. 4.

In opposition, Plaintiff argues that the anti-assignment provision is unenforceable relying on a decision from the Court of Appeals for the Fifth Circuit which interprets anti-assignment clauses, such as the one at issue, to apply only to third-party assignees who may obtain assignments to cover unrelated debts. *Hermann Hosp. v. MEBA Med. & Ben. Plan*, 959 F.2d 569, 575 (5th Cir. 1992)("We interpret the anti-assignment clause as applying only to unrelated, third-party assignees -- other than the health care provider of assigned benefits -- such as creditors who might attempt to obtain voluntary assignments to cover debts having no nexus with the Plan or its benefits, or even involuntary alienations such as attempting to garnish payments for plan benefits."), *overruled on other grounds by, Access Mediquip, L.L.C. v. United Health Care Ins. Co.*, 698 F.3d 229 (5th Cir. 2012).

Though the Third Circuit has not specifically spoken on the enforceability of anti-assignment clauses in ERISA-governed plans, the weight of authority appears to uphold the validity and enforceability of anti-assignment provisions in the plans as a majority of circuits and district courts in the Third Circuit have given effect to anti-assignment provisions and denied standing. *See, e.g., Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*,

6

371 F.3d 1291, 1295-96 (11th Cir. 2004) ("[A]n unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable."); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348 (5th Cir. 2002) (reversing district court and holding that anti-assignment clause in ERISA plan was enforceable); *City of Hope Nat'l Med. Ctr. v. HealthPlus Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("[W]e hold that ERISA leaves the assignability or nonassignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464-65 (10th Cir.1995) ("ERISA's silence on the issue of assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan of Cal, Inc.*, 946 F.2d 1476, 1478 (9th Cir.1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions."); *Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Massachusetts*, No. 14-7280, 2015 U.S. Dist. LEXIS 93855, 2015 WL 4430488, at *4 (D.N.J. July 20, 2015) ("[C]ourts routinely enforce anti-assignment clauses contained in ERISA-governed welfare plans."); *Prof'l Orthopedic Associates, PA v. CareFirst BlueCross BlueShield*, No. 14-4486, 2015 U.S. Dist. LEXIS 84996, 2015 WL 4025399, at *4 (D.N.J. June 30, 2015) ("[T]he majority of circuits addressing the [anti-assignment enforceability] question as well as other courts in this district have considered the issue and held such provisions to be enforceable."); *Specialty Surgery of Middletown v. Aetna*, No. 12-4429, 2014 U.S. Dist. LEXIS 85371, 2014 WL 2861311, at *4 (D.N.J. June 24, 2014) ("Courts in the District of New Jersey have thus far held that unambiguous anti-assignment provisions in group healthcare plans are valid and enforceable").

In light of the foregoing, the Court has carefully reviewed the anti-assignment clause as well as the submissions of the parties and finds that the provision is clear and unambiguous and

therefore valid and enforceable. *See Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 15-4525, 2015 U.S. Dist. LEXIS 140344, at *11 (D.N.J. Oct. 15, 2015); *see also Somerset Orthopedic Associates, P.A. v. Horizon Blue Cross & Blue Shield of New Jersey*, 345 N.J. Super. 410, 422-23, 785 A.2d 457 (App. Div. 2001) (upholding the enforceability of substantially similar anti-assignment provision after determining the provision to be a "critical tool to Horizon's efficient and effective functioning" and that assignment without consent is "void as contrary to public policy").

  ii. <u>Waiver of Anti-Assignment Provision</u>

Plaintiff contends, in its Opposition Brief, that Defendants waived enforceability of the anti-assignment clause through its direct course of dealing with Plaintiff. Pl.'s Opp'n Br. 4. Relying on New Jersey Law, Plaintiff states that an anti-assignment clause "may be waived by a written instrument, a course of dealing or even passive conduct, *i.e.* taking no action to invalidate the assignment *vis-à-vis* the assignee." *Garden State Bldgs., L.P. v. First Fid. Bank, N.A.*, 305 N.J. Super. 510, 524, 702 A. 2d 1315 (App. Div. 1997). Notwithstanding, Plaintiff fails to acknowledge the overarching pleading requirements under Supreme Court precedent. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell. Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). As this Court has previously held:

> Even assuming that a party such as Horizon may waive anti-assignment clause, the Complaint is entirely devoid of specific allegations of fact to support such a claim. Instead, the Complaint merely alleges in summary fashion that Plaintiffs submitted this claim to Horizon and that Horizon has failed to pay despite Plaintiffs filing an appeal. Again, this type of conclusory pleading is prohibited under *Iqbal* and *Twombly*, and Plaintiffs cannot supplement the Complaint through their opposition brief.

*Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 15-4525, 2015 U.S. Dist. LEXIS 140344, *11-12 (D.N.J Oct. 15, 2015)(citing *Com of Pa. ex rel Zimmerman v. PepsiCo, Inc.*, 836 F. 2d 173, 181 (3d Cir. 1988)("[I]t is axiomatic that the Complaint may not be amended by the briefs in

opposition to a motion to dismiss.")(quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F. 2d 1101, 1107 (7th Cir. 1984) *cert. denied*, 470 U.S. 1054, 105 S. Ct. 1758, 84 L Ed. 2d 821 (1984)). The Court remains consistent in its holding and because, similar to *Cohen*, the Complaint merely asserts that Plaintiff submitted a claim to Defendants and that Defendants failed to remit a proper payment despite Plaintiff's appeal, the Court finds that it lacks any allegations of fact sufficient to support a claim of waiver against the Defendants. *See also Atl. Spinal Care v. Shield*, No.13-3159 2013 U.S. Dist. LEXIS 93251, at * 14 *(citing Premier Health, P.C. v. United Health Grp.*, No. 11-425, 2012 U.S. Dist. LEXIS 44878 (D.N.J. Mar. 30, 2012))[3].

---

[3] "[T]he Amended Complaint alleges a course of conduct beyond direct reimbursement for medical services. Indeed, the Amended Complaint describes regular interaction between United and Premier prior to and after claim forms were submitted, without mention of United's invocation of the anti-assignment clause. Such conduct includes: letters from Health Net notifying Premier of overpayments, demanding a refund, and notifying Premier of the proper procedure to dispute Health Net's decision; telephone calls between Health Net and Premier about Premier's appeals; and communications with Premier via e-mail regarding recoupments for the overpayments." *Premier*, 2012 U.S. Dist. LEXIS 44878, at * 10.

9

## **CONCLUSION**

For the reasons discussed above, the Court grants Defendants' Motion to Dismiss. An appropriate Order accompanies this Opinion.

DATED: February 24th, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE